## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Spectrum Brands Pet LLC,    ) | |
| ) | |
| ) | |
| Plaintiff,   ) | |
| ) | Civil Action No. 20-cv-877 |
| v.   ) | |
| ) | Demand for Jury Trial |
| Ramy Faheem, Youstena Badrous,   ) | |
| and John Does,   ) | |
| ) | |
| Defendants.   ) | |
| ) | |

## COMPLAINT

Plaintiff Spectrum Brands Pet LLC, for its Complaint against Defendants, hereby alleges as follows:

## THE PARTIES AND BACKGROUND

1.      Plaintiff Spectrum Brands Pet LLC ("Spectrum Brands") is a limited liability company organized and existing under the laws of New York, located at One Rider Trail Plaza Drive, Suite 300, Earth City, MO 63045, and is wholly owned by Spectrum Brands, Inc., having a principal place of business at 3001 Deming Way, Middleton, WI 53562.

2.      Spectrum Brands (along with its affiliated companies) is engaged in the business of the development, manufacture, and sale of a wide variety of branded pet products. Spectrum Brands' diverse portfolio of pet products includes the FURMINATOR® brand of innovative, patented, and proprietary deshedding solutions, including the FURMINATOR® deshedding tool. FURMINATOR® branded deshedding tools and other FURMINATOR® branded products are sold by Spectrum Brands online through its website www.furminator.com, as well as through a network

of distributors and resellers authorized to sell FURMINATOR® branded products online and in physical locations in the United States and throughout other countries around the world.

3.      Upon information and belief, Defendants Ramy Faheem and Youstena Badrous (a/k/a Youstena Atefbadrous) are Illinois residents with an address at 595 Alcoa Lane, Hoffman Estates, Illinois 60169-1603, and are selling and offering for sale a variety of products via online marketplaces such as Amazon and eBay.  Defendants Ramy Faheem and Youstena Badrous sell and offer to sell their products, including counterfeit pet desheding tools which infringe Spectrum Brands' FURMINATOR® trademarks and various copyrights, on Amazon and eBay, at least through the account names "Shopiq1 aka Kalba TX," "me_number_one," "Zama OSH," "TYROLLY," "atekev-adorph," "LiWiTen," "Pandao," "AVTStore," "RaD Store," "Lake to Ocean," "Eugenal," "ValMartketUS," "We ♥ Deals," "Central Stockes,", "SHK Buy," and "amazzy."

4.      Defendants Ramy Faheem and Youstena Badrous are offering to sell and selling counterfeit products in Wisconsin and shipping counterfeit products to customers in Wisconsin and, on upon information and belief, throughout and outside of the United States.  Upon information and belief, Defendants have availed themselves of regularly transacting business with Wisconsin residents and businesses.

5.      Upon information and belief, the John Doe Defendants are persons, companies or entities doing business in Wisconsin and elsewhere, which have sold and are selling and offering for sale a variety of products, using Spectrum Brands' FURMINATOR® brand and registered trademarks, nationally, including to distributors, resellers, or other entities which are doing business in Wisconsin and elsewhere.  The identities of the John Doe Defendants are presently unknown to Spectrum Brands. Once the identity and contact information of the John Doe

2

Defendants are known to Spectrum Brands, this Complaint will be amended to include the John Doe Defendants' names and locations.

## NATURE OF THE ACTION, JURISDICTION, AND VENUE

6.      This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.*; trademark infringement, trademark dilution, unfair competition, and counterfeiting under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; violation of the Wisconsin Deceptive Trade Practices Act; and common law trademark infringement and unfair competition.

7.      This Court has original jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental subject matter jurisdiction over the Wisconsin state claims pursuant to 28 U.S.C. §§ 1332 and 1367(a).

8.      This Court has personal jurisdiction over Defendants because they conduct business in Wisconsin and have committed acts of infringement in Wisconsin.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).  A substantial part of the events or omissions giving rise to the claim occurred in this District, including but not limited to Defendants' infringement and other acts constituting the claims as set forth herein.

## SPECTRUM BRANDS' BUSINESS AND INTELLECTUAL PROPERTY

10.      Spectrum Brands develops, manufactures, markets, and sells a wide variety of innovative deshedding solutions for companion and other animals, including deshedding tools for animals such as dogs, cats, and horses.  Spectrum Brands sells its pet deshedding products under the FURMINATOR® brand around the world in physical stores and online.

11.      Spectrum Brands' FURMINATOR® deshedding tools come in a variety of shapes and sizes tailored to meet different needs.  Tools are adapted for use on various animal

sizes and hair lengths. Examples of FURMINATOR® deshedding tools with the FURejector® brand fur removal button are reproduced below:



12.    Spectrum Brands and its predecessors-in-interest have sold pet grooming products under the FURMINATOR® brand and mark since at least as early as November 2002.

13.    On July 5, 2005, the United States Patent and Trademark Office issued Trademark Registration No. 2,965,342 for the FURMINATOR® mark in connection with grooming pet brushes, and deshedding hair conditioners for pets.  A true and correct copy of Trademark Registration No. 2,965,342 is attached hereto as Exhibit A.  The registration is incontestable.  Spectrum Brands is the owner, by assignment, of the entire right, title and interest in and to the FURMINATOR® mark and Trademark Registration No. 2,965,342, including the right to sue and collect damages for past, present, and future infringements.

14.    Since at least as early as August 2005, Spectrum Brands and its predecessors-in-interest have sold pet grooming products under the stylized logo:



15.    On May 1, 2007, the United States Patent and Trademark Office issued Trademark Registration No. 3,238,141 for the stylized FURminator® mark in connection with pet

grooming brushes and deshedding hair conditioners for pets. A true and correct copy of Trademark Registration No. 3,238,141 is attached hereto as Exhibit B. The registration is incontestable. Spectrum Brands is the owner, by assignment, of the entire right, title and interest in and to the stylized FURminator® mark and Trademark Registration No. 3,238,141, including the right to sue and collect damages for past, present, and future infringements.

16.     Since at least as early as February 2005, Spectrum Brands and its predecessors-in-interest have sold pet grooming products under the stylized paw design:



17.     On December 9, 2008, the United States Patent and Trademark Office issued Trademark Registration 3,544,400 for the stylized paw design mark ("the Paw Mark") in connection with pet grooming products such as brushes, shampoo and hair conditioners for pets. A true and correct copy of Trademark Registration No. 3,544,400 is attached hereto as Exhibit C. The registration is incontestable. Spectrum Brands is the owner, by assignment, of the entire right, title and interest in and to the stylized Paw Mark and Trademark Registration No. 3,544,400, including the right to sue and collect damages for past, present, and future infringements.

18.     Since at least as early as January 2009, Spectrum Brands and its predecessors-in-interest have sold pet grooming products under the FUREJECTOR® mark.

19.     On April 9, 2019, the United States Patent and Trademark Office issued Trademark Registration 5,722,436 for the FUREJECTOR® mark in connection with grooming tools for pets, namely, combs and brushes. A true and correct copy of Trademark Registration No. 5,722,436 is attached hereto as Exhibit D. Spectrum Brands is the owner of the entire right, title

and interest in and to the FUREJECTOR® mark, including the right to sue and collect damages for past, present, and future infringements.

20.    The trademarks described in the foregoing paragraphs are collectively referred to as the "FURMINATOR Marks."

21.    Spectrum Brands has used the FURMINATOR Marks in advertising, on the Internet, in print and other promotional materials, on in-store displays, and on packaging associated with pet grooming brushes and other products.  Spectrum Brands' extensive use and promotion of the FURMINATOR Marks has created highly distinctive trademarks which are widely recognized by the consuming public as identifying Spectrum Brands as the source of the pet grooming products associated with the Marks.  Spectrum Brands has carefully nurtured the goodwill associated with the FURMINATOR Marks.  Spectrum Brands has invested significantly in promoting its trademarks and in assuring that its trademarks are associated with high quality products.  The FURMINATOR Marks are among the best known among consumers who buy deshedding tools.  As such, the FURMINATOR® brand is exceedingly strong and famous.  The FURMINATOR Marks are an extremely valuable commercial asset because of the substantial goodwill associated with them.

22.    In connection with its extensive marketing, advertising, and promotion of the FURMINATOR® brand, Spectrum Brands maintains numerous federal copyright registrations for works of art associated with its FURMINATOR® products and packaging, including U.S. Copyright Registration No. VA 1-935-201 for the 2-D artwork depicted below:



23.    A true and correct copy of the Registration and Copy of Deposit associated with U.S. Copyright Registration No. VA 1-935-201, which has an effective registration date of November 17, 2014, is attached hereto as Exhibit E.  Spectrum Brands is the owner, by assignment, of the entire right, title and interest in and to the copyright for the above artwork and Copyright Registration No. VA 1-935-201.

24.    Spectrum Brands' federal copyright registrations for works of art associated with its FURMINATOR® brand also include U.S. Copyright Registration No. VA 1-754-271 for the 2-D artwork depicted below:



25.    A true and correct copy of the Copy of Deposit associated with U.S. Copyright Registration No. VA 1-754-271, which has an effective registration date of November 27, 2010, is attached hereto as Exhibit F.  Spectrum Brands is the owner, by assignment, of the entire right,

title and interest in and to the copyright for the above artwork and Copyright Registration No. VA 1-754-271.

26.      Spectrum Brands' federal copyright registrations for works of art associated with its FURMINATOR® brand also include U.S. Copyright Registration No. VA 1-754-272 for the 2-D artwork depicted below:



27.      A true and correct copy of the Copy of Deposit associated with U.S. Copyright Registration No. VA 1-754-272, which has an effective registration date of November 27, 2010, is attached hereto as Exhibit G.  Spectrum Brands is the owner, by assignment, of the entire right, title and interest in and to the copyright for the above artwork and Copyright Registration No. VA 1-754-272.

28.      Spectrum Brands' federal copyright registrations for works of art associated with its FURMINATOR® brand also include U.S. Copyright Registration No. VA 1-754-273 for the 2-D artwork depicted below:

 

29.      A true and correct copy of the Copy of Deposit associated with U.S. Copyright Registration No. VA 1-754-273, which has an effective registration date of November 27, 2010, is attached hereto as Exhibit H.  Spectrum Brands is the owner, by assignment, of the entire right, title and interest in and to the copyright for the above artwork and Copyright Registration No. VA 1-754-273.

30.      Spectrum Brands' federal copyright registrations for works of art associated with its FURMINATOR® brand also include U.S. Copyright Registration No. VA 1-754-267 for the 2-D artwork depicted below:

 

31.    A true and correct copy of the Copy of Deposit associated with U.S. Copyright Registration No. VA 1-754-267, which has an effective registration date of November 27, 2010, is attached hereto as Exhibit I.  Spectrum Brands is the owner, by assignment, of the entire right, title and interest in and to the copyright for the above artwork and Copyright Registration No. VA 1-754-267.

32.    The copyrights described in the foregoing paragraphs are collectively referred to as the "Artwork."

## UNLAWFUL CONDUCT BY DEFENDANTS

33.    Upon information and belief, Defendants have used Spectrum Brands' success, recognition, and goodwill associated with its proprietary pet deshedding tools and its FURMINATOR Marks to sell counterfeit products through at least national distribution channels and the online marketplaces Amazon and eBay.

34.    Spectrum Brands purchased counterfeit "FURminator" products from at least eleven different seller names on eBay and three different seller names on Amazon.  For each such purchase, a counterfeit "FURminator" product was sent to an address in Madison, Wisconsin, from a return address for either Ramy Faheem or Youstena Atefabrous at 595 Alcoa Lane, Hoffman Estates, Illinois 60169-1603.

35.    eBay records for 2018 and 2019 show large numbers of sales of unauthorized "FURminator" pet deshedding tools, including from various sellers associated with Ramy Faheem and Youstena Atefabrous.

36.    Upon information and belief, Defendants seek to capitalize on the goodwill and recognition associated with Spectrum Brands' FURMINATOR® brand by making, using, importing, selling, and/or offering for sale lower-price counterfeits of FURMINATOR pet

deshedding tools nationally to customers, distributors, resellers, and other entities. Upon information and belief, Defendants Ramy Faheem and Youstena Badrous purchase and/or import counterfeit pet deshedding tools from John Doe Defendants and resell them nationally via at least Amazon and eBay under various seller account names, including but not limited to "Shopiq1 aka Kalba TX," "me_number_one," "Zama OSH," "TYROLLY," "atekev-adorph," "LiWiTen," "Pandao," "AVTStore," "RaD Store," "Lake to Ocean," "Eugenal," "ValMartketUS," "We ♥ Deals," "Central Stockes,", "SHK Buy," and "amazzy."

37.    As but one example, a pet deshedding tool from Seller "me_number_one" (Seller ID 10842) on eBay listed as "FURminator DeShedding Brush Short Hair 4" Edge Blade for Dogs 51-90 Lbs." was purchased for $19.88 on February 8, 2018. The product was shipped to an address in Madison, Wisconsin. The product, when received, including its packaging, was virtually identical to the FURMINATOR® deshedding tool sold by Spectrum Brands, but was not, in fact, an authentic FURMINATOR® deshedding tool. Identifiers on the packaging which are maintained as proprietary and highly confidential by Spectrum Brands confirm that the purchased product was counterfeit. Photographs of the product purchased and received from Seller "me_number_one" are shown below:



38.     In separate letters to Spectrum Brands at 3001 Deming Way, Middleton, Wisconsin 53562, both dated August 15, 2018, United States Custom and Border Protection provided notice that it had seized hundreds of goods bearing counterfeit trademarks and/or "clearly piratical copyright" relating to Spectrum Brands' registered trademarks and/or copyrights. The products, described as "PET BRUSH FURMINATOR" and "PLASTIC BRUSH", contained the "Word Mark Furminator."  These seizures took place on March 15 and March 23, 2018.  The importer identified in one letter was Ramy Faheem, 595 Alcoa Ln., Hoffman Estates, Illinois 60169; the importer identified in the other letter was Youstena Badrous, 595 Alcoa Lane B, Hoffman Estates, Illinois 60169.  Each letter noted, "[t]he importer has been notified of this seizure."  A copy of each of these two letters is attached hereto as part of Exhibit J.

39.     Upon information and belief, Defendants are and have been aware since at least August 2018 of Spectrum Brands' FURMINATOR Marks and Art Work and have continued to import and sell counterfeit products in the United States.

40.     As but an example, a pet deshedding tool from Seller "SHK Buy" on Amazon listed as "FURminator deShedding Tool for Dogs, Large, Long Hair - 101008, SPECTRUM BRANDS" was purchased for $23.99 on March 26, 2019.  The product was shipped to an address in Madison, Wisconsin.  The product, when received, including its packaging, was virtually identical to the FURMINATOR® deshedding tool sold by Spectrum Brands, but was not, in fact, an authentic FURMINATOR® deshedding tool.  Identifiers on the packaging which are maintained as proprietary and highly confidential by Spectrum Brands confirm that the purchased product was counterfeit.

41.     As but another example, a pet deshedding tool from "me_number_one" (Seller ID 10842) on eBay was listed as "Project Multimedia for parts [sic] - Short Hair Dogs" and was described as a medium dog, short hair deshedding tool.  This product was purchased on April 28, 2020 for $22.99.  The product, when received at an address in Madison, WI, was a pet deshedding tool for a medium dog, long hair that was virtually identical to the FURMINATOR® deshedding tool sold by Spectrum Brands, but was not, in fact, an authentic FURMINATOR® deshedding tool.  Therafter, seller "me_number_one" shipped another product, the deshedding tool for medium dogs, short hair, which was received at the same Madison address on May 2, 2020 and was virtually identical to the FURMINATOR® deshedding tool sold by Spectrum Brands, but was not, in fact, an authentic FURMINATOR® deshedding tool.  Identifiers on the packaging for both products which are maintained as proprietary and highly confidential by Spectrum Brands confirm both products are counterfeit.

42.     Defendants Ramy Faheem and Youstena Badrous use the FURMINATOR Marks and Spectrum Brands' copyrighted Artwork in connection with their import, marketing, sale, and offering for sale of their counterfeit deshedding tools.

13

43.      Upon information and belief, Defendants have used, reproduced, and distributed, without authorization, copies of each of the individual copyrighted packages associated with the Artwork, with such use, reproduction, and distribution beginning after the effective dates of registration for copyright in the Artwork.

44.      Defendants' use of the FURMINATOR Marks in connection with their counterfeit pet deshedding tools deceives consumers and potential consumers into believing that they are purchasing authentic FURMINATOR® pet deshedding tools sold by Spectrum Brands when they are not. On information and belief, Defendants' counterfeit tools are not of the same quality as authentic FURMINATOR® pet deshedding tools and are not subject to the same rigorous quality and manufacturing standards as authentic FURMINATOR® pet deshedding tools, risking, *inter alia*, injury to the pet and causing harm to consumers.

45.      By selling and offering to sell counterfeit tools, Defendants are harming the public, Spectrum Brands and the FURMINATOR Marks. Consumers purchasing counterfeit tools from Defendants receive non-authentic pet deshedding tools which may break apart during use exposing a sharp blade or otherwise harm their pets.  Additionally, consumers purchasing and using counterfeit deshedding tools may be exposed to harmful chemical materials, the use of which may be regulated and require consumer warnings.  Further, consumers are likely to believe that Spectrum Brands sold the counterfeit pet deshedding tools, irreparably harming Spectrum Brands' reputation and goodwill.

## COUNT I – COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 *et seq.*)

46.      Spectrum Brands restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

14

47.    Spectrum Brands is the owner, by assignment, of the entire right, title and interest in and to the Artwork, which is the subject of valid Certificates of Copyright Registration issued by the Register of Copyrights.

48.    Defendants' unauthorized intentional reproduction and distribution of the Artwork to third parties infringes Spectrum Brands' copyright interests in the Artwork.

49.    Defendants have knowingly caused, participated in, materially contributed to, induced, and derived economic benefit from the infringement of Spectrum Brands' copyright rights.  Defendants' unauthorized use of the Artwork is a knowing, willful, and intentional violation of Spectrum Brands' rights

50.    As a direct and proximate result of Defendants' actions, Spectrum Brands has suffered, and will continue to suffer, irreparable harm if Defendants' described conduct is not enjoined.

51.    Defendants' acts have caused, and will continue to cause, damage to Spectrum Brands' in an amount to be determined at trial. At a minimum, Spectrum Brands is entitled to its actual damages or statutory damages under 17 U.S.C. § 504 and attorneys' fees under 17 U.S.C. § 505.

## COUNT II – TRADEMARK INFRINGEMENT
## AND COUNTERFEITING UNDER THE LANHAM ACT

52.    Spectrum Brands restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

53.    The pet deshedding tools sold and offered for sale by Defendants in interstate commerce, without authorization from Spectrum Brands, are substantially identical to the pet deshedding tools sold by Spectrum Brands.  Further, the pet deshedding tools sold and offered for sale by Defendants use trademarks that are identical to the FURMINATOR Marks.

54.    Defendants' use of the FURMINATOR Marks and variations of the Marks is likely to cause confusion, mistake, or deception as to the source of origin of Defendants' pet deshedding tools in that customers and potential customers are likely to believe that the pet deshedding tools provided by Defendants under these marks are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Spectrum Brands, when they are not.

55.    Defendants, by copying Spectrum Brands' FURMINATOR Marks in connection with their pet deshedding tools, intentionally used a mark or designation knowing that mark or designation was a counterfeit mark in connection with the import, sale, offer to sell, or distribution of goods or services.

56.    Defendants' unauthorized use of the FURMINATOR Marks is a knowing, willful, and intentional violation of Spectrum Brands' rights.

57.    As a direct and proximate result of the likely confusion, mistake, or deception, Spectrum Brands has suffered, and will continue to suffer, irreparable harm if Defendants' described conduct is not enjoined.

58.    The likely confusion, mistake, or deception caused by Defendants violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

59.    Pursuant to 15 U.S.C. § 1117, Spectrum Brands is entitled to recover treble damages and attorneys' fees for Defendants' counterfeiting, or statutory damages not exceeding $2,000,000 for each counterfeit mark used, and/or Spectrum Brands' damages and all of Defendants' profits as well as the cost of this action. The intentional nature of Defendants' unlawful acts renders this an "exceptional case," entitling Spectrum Brands to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT III - TRADEMARK DILUTION

60.    Spectrum Brands restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

61.    Spectrum Brands owns valid and existing rights in the FURMINATOR Marks.

62.    Through continued use, product promotion, and consumer and industry recognition, Spectrum Brands has developed the FURMINATOR Marks to the point that they are famous.  After the FURMINATOR Marks became famous, Defendants began using (and are still using) counterfeit FURMINATOR Marks on their counterfeit products.  In so doing, Defendants are improperly creating a false association between their products and the FURMINATOR Marks.

63.    This association is likely to cause a dilution of the strong goodwill that Spectrum Brands has built in the FURMINATOR Marks, in violation of 15 U.S.C. § 1125(c).

64.    As a result of Defendants' wrongful conduct, Spectrum Brands has been damaged and will continue to be damaged in an amount to be determined at trial.

65.    Defendants' unauthorized use or confusing imitation of the FURMINATOR Marks is knowing and willful and with the intent to trade on the goodwill Spectrum Brands has established in the FURMINATOR Marks.

66.    Unless enjoined, Defendants' behavior will continue and will cause Spectrum Brands to suffer irreparable harm for which there is no adequate remedy at law.  Spectrum Brands is therefore entitled to injunctive relief.

## COUNT IV – UNFAIR COMPETITION
## AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

67.    Spectrum Brands restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

68.     Spectrum Brands uses and owns the FURMINATOR Marks in connection with its sale of pet products.  The trademarks are inherently distinctive and have also acquired secondary meaning as designation of origin for Spectrum Brands.

69.     Defendants' unauthorized use of the FURMINATOR Marks and variations of the Marks is likely to cause confusion, mistake, or deception as to the source of origin of Defendants' pet deshedding tools in that customers and potential customers are likely to believe that the pet deshedding tools provided by Defendants under these Marks are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Spectrum Brands, when they are not.

70.     As a direct and proximate result of this likely confusion, mistake, or deception, Spectrum Brands has suffered and will continue to suffer irreparable harm if Defendants' described conduct is not enjoined.

71.     Defendants' unauthorized use of the FURMINATOR Marks is a knowing, willful, and intentional violation of Spectrum Brands' rights.

72.     The likely confusion, mistake, or deception caused by Defendants constitutes false designation of origin and violates 15 U.S.C. § 1125(a).

73.     Pursuant to 15 U.S.C. § 1117, Spectrum Brands is entitled to recover its damages and all of Defendants' profits as well as the costs of this action. The intentional nature of Defendants' unlawful acts renders this an "exceptional case," entitling Spectrum Brands to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT V – VIOLATION OF WISCONSIN DECEPTIVE TRADE PRACTICES ACT (WIS. STAT. § 100.18)

74.     Spectrum Brands restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

75.     The acts, practices and conduct of Defendants as set forth above constitute deceptive and misleading acts or practices under Wis. Stat. § 100.18.

76.     Defendants' acts, practices, and conduct as alleged above have been willful and caused, and will continue to cause, injury and damage, including monetary loss, to Spectrum Brands.

## COUNT VI – COMMON LAW TRADEMARK INFRINGEMENT

77.     Spectrum Brands restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

78.     The FURMINATOR Marks are distinctive and famous.

79.     Defendants' use of the FURMINATOR Marks and variations of the FURMINATOR Marks is likely to cause confusion, mistake, or deception as to the source of origin of Defendants' pet deshedding tools in that customers and potential customers are likely to believe that the pet deshedding tools provided under the FURMINATOR Marks and variations of the FURMINATOR Marks are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Spectrum Brands, when they are not.

80.     Defendants' acts constitute trademark infringement under common law.

81.     Defendants acted, and continue to act, in willful, deliberate, and/or intentional disregard of Spectrum Brands' rights.

82.     Spectrum Brands has suffered irreparable harm, for which it has no adequate remedy at law, and will continue to suffer irreparable injury unless and until Defendants' infringing acts are enjoined by this Court.

## COUNT VII – COMMON LAW UNFAIR COMPETITION

83.     Spectrum Brands restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

84.     Defendants' conduct constitutes unfair competition in violation of Spectrum Brands' rights.

85.     Defendants acted, and continue to act, in willful, deliberate, and/or intentional disregard of Spectrum Brands' rights.

86.     As a direct and proximate result of Defendants' unfair competition, Spectrum Brands has suffered irreparable harm, for which it has no adequate remedy at law, and will continue to suffer irreparable harm unless and until Defendants' unfair competition is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Spectrum Brands prays for the following relief:

A.     A judgment that Defendants have willfully infringed Spectrum Brands' copyright rights in the Artwork, causing irreparable harm to Spectrum Brands, and granting preliminary and permanent injunctive relief enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys, and all others acting under or through Defendants, directly or indirectly, from infringing Spectrum Brands' copyright rights in the Artwork;

B.     A judgment and order awarding Spectrum Brands damages under 17 U.S.C. § 504 of either its actual damages and all profits derived by Defendants as a result of their copyright infringement, or statutory damages, at Spectrum Brands' election, with interest;

C.   A judgment that Defendants have willfully infringed the FURMINATOR Marks, causing irreparable harm to Spectrum Brands, and granting preliminary and permanent injunctive relief enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting under or through Defendants, directly or indirectly, from infringing the FURMINATOR Marks or any other marks confusingly similar thereto on, or in association with, goods and services not originating from Spectrum Brands;

D.   A judgment that Defendants have willfully engaged in trademark dilution under 15 U.S.C. § 1125(c), granting preliminary and permanent injunctive relief enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting under or through Defendants, directly or indirectly, from infringing the FURMINATOR Marks or any other marks confusingly similar thereto on, or in association with, goods and services not originating from Spectrum Brands, and awarding Spectrum Brands damages under 15 U.S.C. § 1117 of its actual damages and all profits derived by Defendants as a result of their conduct amount to trademark dilution;

E.   A judgment that Defendants have willfully engaged in unfair competition, and granting preliminary and permanent injunctive relief enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting under or through Defendants, directly or indirectly, from performing any actions or using any words, names, styles, titles, logos, or marks which are likely to cause confusion or mistake, or to deceive, or to otherwise mislead the trade or the public into believing that Defendants and Spectrum Brands are in some way

connected, affiliated, or associated with one another, or that Defendants' products originate with Spectrum Brands or are offered with the approval, consent, authorization, or under the supervision of Spectrum Brands, or using any words, names, styles, titles, marks or trade practices which create a likelihood of injury to the business reputation of Spectrum Brands or tend to unfairly compete with or injure Spectrum Brands' business or goodwill;

F.  A judgment and order awarding Spectrum Brands damages under 15 U.S.C. § 1117 of either its actual damages and all profits derived by Defendants as a result of their infringement and unfair competition, trebled, and attorneys' fees, or statutory damages up to $2,000,000 for each counterfeit mark used for willful infringement, at Spectrum Brands' election, with interest;

G.  A judgment that Defendants have violated Wis. Stat. § 100.18 and an order awarding Spectrum Brands monetary damages plus costs and attorneys' fees;

H.  A judgment and order awarding Spectrum Brands its damages caused by Defendants' common law trademark infringement and unfair competition in an amount to be established at trial, with interest;

I.  An order directing that Defendants deliver to Spectrum Brands for destruction all counterfeit, infringing, and FURMINATOR® branded deshedding tools in their possession, custody or control, as well as all goods, packaging, advertisements, and all other materials of any kind bearing the Artwork and/or the FURMINATOR Marks, or any simulation, reproduction, copy or colorable imitation thereof;

J.  An order requiring that Defendants submit a report in writing and under oath to the Court and Spectrum Brands within thirty (30) days of the service on Defendants of

the injunctive order setting forth in detail the manner and form by which Defendants have complied with the injunction;

K.    A judgment and order finding this an "exceptional" case and directing Defendants to pay the costs of this action (including all disbursements) and attorney fees as provided by 15 U.S.C. § 1117(a) and 17 U.S.C. § 505, with interest;

L.    An order requiring Defendants to provide to Spectrum Brands a detailed accounting of all amounts due and owing to Spectrum Brands as a result of Defendants' illegal activities;

M.    An order requiring that Defendants hold in trust, as constructive trustees for the benefit of Spectrum Brands, their illegal profits obtained from their sale and distribution of counterfeit and infringing products; and

N.    Such other and further relief as this Court may deem just and equitable.

## <u>JURY TRIAL DEMAND</u>

Spectrum Brands respectfully demands a trial by jury on all claims and issues so triable.

Dated:  September 22, 2020

Respectfully submitted,

By: *s/ Michelle M. Umberger*
Christopher G. Hanewicz
CHanewicz@perkinscoie.com
Michelle M. Umberger
MUmberger@perkinscoie.com
Gabrielle E. Bina
GBina@perkinscoie.com
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703
Phone: (608) 663-7460
Fax: (608) 663-7499

*Attorneys for Plaintiff*
*Spectrum Brands Pet LLC*

149611688.1